UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **JOUSELIE JEAN CHARLES**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **RAYMOND BUILDING SUPPLY, LLC**, a Florida limited liability company, <br><br> Defendant. | CIVIL ACTION <br><br> Case No. 2:24-cv-113 <br><br> Judge: <br><br> Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JOUSELIE JEAN CHARLES** ("**JEAN CHARLES**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act (FCRA) for (1) sexual harassment in violation of Title VII, (2) sexual harassment in violation of the FCRA, (3) retaliation in violation of Title VII and, (4) retaliation in violation of the FCRA.

### PARTIES

2. The Plaintiff, **JOUSELIE JEAN CHARLES** ("**JEAN CHARLES**") is an individual and a resident of Florida who at all material times was domiciled in Lee

1

County, Florida, and who performed services for the Defendants in Lee County, Florida.

3. Defendant, **RAYMOND BUILDING SUPPLY, LLC** ("**FORD'S**") is a Florida limited liability company that employs greater than 15 employees, and employed **JEAN CHARLES** in Lee County, Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over **JEAN CHARLES**'s state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the United States District Court for the Middle District of Florida because **JEAN CHARLES** resides in, and the Defendants conduct business in, and some or all of the events giving rise to **JEAN CHARLES**'s claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued in Lee County, which is within the Fort Myers Division.

7. **JEAN CHARLES** received her Notices of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on November 16, 2023 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.)

## GENERAL ALLEGATIONS

8. On or about August 16, 2022, **JEAN CHARLES** began working for the Defendant as an administrative assistant.

9. **JEAN CHARLES** always performed her assigned duties in a professional manner and was very well qualified for her position.

10. Almost immediately upon beginning her employment, **JEAN CHARLES** began to be subjected to sexual harassment.

11. More specifically, **JEAN CHARLES**' male coworkers began propositioning her for oral sex and sexual intercourse.

12. **JEAN CHARLES** promptly reported this to her supervisor, whose reply was in essence that "boys will be boys." He did nothing to stop the sexual harassment.

13. Instead, **JEAN CHARLES** (as the victim) was reassigned to another location.

14. For a short period of time, her reassignment caused her to not have to work with the men who had been sexually harassing her.

15. However, in January 2023, the same supervisor informed **JEAN CHARLES** that she was to be reassigned again, which reassignment was to be again working with the men who had been sexually harassing her.

16. Upon learning this, **JEAN CHARLES** informed her supervisor that she would prefer to remain in her present position and that if she was to be reassigned, the sexual harassment needed to stop or else she would have to resign.

17. The supervisor then communicated in writing that he was accepting **JEAN CHARLES'** resignation, thus implicitly admitting that he would not take steps to stop the sexual harassment and involuntarily ending her employment with the Defendant on January 10, 2023.

18. The Defendant has violated Title VII and the FCRA.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEXUAL HARASSMENT

19. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

20. **JEAN CHARLES** is a female and as such, is a member of a protected class.

21. At all material times, **JEAN CHARLES** was an employee and Defendants were her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

22. **JEAN CHARLES** was, and is, qualified for the positions that she held with the Defendants.

23. **JEAN CHARLES** has endured sexual harassment, gender-based comments, harassment, jokes, unwanted sexual touching and disparate treatment

4

while employed, thereby altering the terms and conditions of her employment and creating a hostile work environment.

24. The acts, failures to act, practices and policies set forth above constitute intentional discrimination on the basis of **JEAN CHARLES**'s gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

25. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **JEAN CHARLES** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

26. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **JEAN CHARLES** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

27. As a direct and proximate result of Defendant's actions, **JEAN CHARLES** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

28. **JEAN CHARLES** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendants, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendants' actions;

iv. Punitive damages;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDACIVIL RIGHTS ACT OF 1992, SEXUAL HARASSMENT

29. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

30. **JEAN CHARLES** is a female and as such, is a member of a protected class.

31. At all material times, **JEAN CHARLES** was an employee and the Defendants were her employer covered by and within the meaning of the FCRA.

32. **JEAN CHARLES** was, and is, qualified for the positions that she held with Defendants.

33. **JEAN CHARLES** has endured sexual harassment, gender-based comments, harassment, jokes, unwanted sexual touching and disparate treatment while employed with Defendants, thereby altering the terms and conditions of her employment and creating a hostile work environment.

34. The acts, failures to act, practices and policies of Defendant set forth above constitute intentional discrimination on the basis of **JEAN CHARLES**'s gender in violation of the FCRA.

35. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **JEAN CHARLES** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

36. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **JEAN CHARLES** is entitled to all relief necessary to make her whole as provided for under the FCRA.

37. As a direct and proximate result of Defendant's actions, **JEAN CHARLES** has suffered damages, including but not limited to, a loss of

employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

38. **JEAN CHARLES** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendants, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendants' actions;

v. Punitive damages;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

**COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION**

39. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

40. **JEAN CHARLES** is a female a person and, as such, is a member of a protected class.

41. At all material times, **JEAN CHARLES** was an employee and the Defendants were her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

42. **JEAN CHARLES** was qualified for the positions that she held with Defendants.

43. **JEAN CHARLES** endured continuous sexual harassment, gender-based comments, harassment, inappropriate discipline, unwanted sexual touching, disparate treatment and inappropriate threats on her employment while employed with Defendants, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after **JEAN CHARLES** complained, caused the separation of her employment with Defendants.

44. **JEAN CHARLES** complained to Defendants about the sexual harassment, hostile environment, unwanted sexual touching, violation of policies and retaliation, and Defendants clearly observed her growing discomfort concerning the same.

45. **JEAN CHARLES**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of Defendants.

46. Said protected activity was the proximate cause of Defendants' negative employment actions against **JEAN CHARLES**.

47. Instead of preventing said treatment, Defendants retaliated against **JEAN CHARLES**.

48. The acts, failures to act, practices and policies of Defendants set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

49. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **JEAN CHARLES** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

50. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **JEAN CHARLES** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

51. As a direct and proximate result of Defendant's actions, **JEAN CHARLES** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe

benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

52.     **JEAN CHARLES** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendants, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendants' actions;

iv. Punitive damages;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

**COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION**

53. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

54. **JEAN CHARLES** is a female a person and, as such, is a member of a protected class.

55. At all material times, **JEAN CHARLES** was an employee and the Defendants were her employer covered by and within the meaning of the FCRA.

56. **JEAN CHARLES** was qualified for the positions that she held with Defendants.

57. **JEAN CHARLES** endured continuous sexual harassment, gender-based comments, harassment, inappropriate discipline, unwanted sexual touching, disparate treatment and inappropriate threats on her employment while employed with Defendants, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after **JEAN CHARLES** complained, caused the separation of her employment with the Defendants.

58. **JEAN CHARLES** complained to Defendants about the sexual harassment, gender harassment, hostile environment, unwanted sexual touching, violation of policies and retaliation, and Defendants clearly observed her growing discomfort concerning the same.

59. **JEAN CHARLES**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of Defendants.

60. Said protected activity was the proximate cause of Defendants' negative employment actions against **JEAN CHARLES**.

61. Instead of preventing said treatment, Defendants retaliated against **JEAN CHARLES**.

62. The acts, failures to act, practices and policies of Defendants set forth above constitute retaliation in violation of the FCRA.

63. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **JEAN CHARLES** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

64. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **JEAN CHARLES** is entitled to all relief necessary to make her whole as provided for under the FCRA.

65. As a direct and proximate result of Defendants' actions, **JEAN CHARLES** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

66. **JEAN CHARLES** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendants, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendants' actions;

iv. Punitive damages;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: February 5, 2024    **s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272

Lead Counsel for Plaintiff
YORMAK EMPLOYMENT &DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: [byormak@yormaklaw.com](mailto:byormak@yormaklaw.com)